IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION          MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Dina Sanders Bennett v. Ethicon, Inc., et al.*          Civil Action No. 2:12-cv-00497

ORDER
(Order re: Motion for Sanctions for Spoliation)

Pending before the court is the plaintiff's Motion for Sanctions for the Spoliation of William Martin's Custodial File [ECF No. 128], which was filed on April 4, 2016. For the reasons given below, the plaintiff's Motion is **DENIED**.

I.  Background

The issue of Ethicon's spoliation in this MDL was previously evaluated by United States Magistrate Judge Cheryl A. Eifert in Pretrial Order No. 100 ("PTO No. 100"), Civil Action No. 2:12-md-2327 [ECF No. 1069], in response to a motion for sanctions filed on behalf of *all plaintiffs* in this MDL. Relevant here, Judge Eifert found that Ethicon had a duty to preserve information contained in certain sales representatives' custodial files, that Ethicon breached its duty to preserve the information, and that the files contained some relevant evidence. PTO No. 100 at 23, 26, 33. Judge Eifert, however, determined that the record before her did "not support a finding that Ethicon, or any employee of Ethicon, acted willfully or intentionally to

delete, discard, or hide evidence." *Id.* at 31. Judge Eifert stated "there is no proof that Ethicon destroyed evidence specifically for the purpose of preventing its disclosure in this litigation." *Id.* at 31–32. Judge Eifert determined that any prejudice suffered by the plaintiffs did not warrant the extreme sanctions sought in the underlying motion, such as entering a default judgment, striking defenses, or issuing an adverse inference instruction to the jury. *Id.* at 40–43. Judge Eifert left open the possibility that a plaintiff, on a case-by-case basis, may present circumstances warranting the introduction of spoliation evidence at trial and an adverse jury instruction.

The plaintiff in this case seeks nearly identical sanctions for nearly identical conduct. Specifically, the plaintiff argues that Ethicon failed to properly preserve the custodial file for William Martin, a sales representative for Ethicon. According to the plaintiff, Ethicon failed to preserve electronically stored information from Mr. Martin's company-issued devices and failed to preserve documents and a sample mesh kit that Mr. Martin kept in a storage locker. Mem. Supp. Mot. 3–4 [ECF No. 129]. The plaintiff argues that this information is relevant to proving the "failure to warn" theory of her case and that without the information, the plaintiff "lacks information regarding which marketing materials, literature, pamphlets, brochures, and kits were used, relied on, and distributed by Mr. Martin to Plaintiff's treating physician." *Id.* at 12. The plaintiff requests that the court sanction Ethicon by (1) striking Ethicon's learned intermediary defense, (2) striking all defenses relevant to

2

the Louisiana Products Liability Act[1] ("LPLA"), (3) striking any statute of limitations defenses, and (4) providing an adverse inference jury instruction. *Id.* at 13–14.

## II. Legal Standard

Spoliation of evidence refers to "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). The duty to preserve evidence arises "not only during litigation but extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Id.* at 591 (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). A party under a duty to preserve information should "identify, locate, and maintain information that is relevant to specific, predictable, and identifiable litigation." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 522 (D. Md. 2010) (citation omitted).

When a party breaches its duty to preserve evidence, it may face sanctions under Rule 37 of the Federal Rules of Civil Procedure or through the court's inherent authority "to control the judicial process and litigation." *Id.* at 517 (quoting *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 505–06 (D. Md. 2009)). Generally, sanctions for spoliation are appropriate when the moving party establishes the following:

---

[1] The plaintiff's claims are based on the products liability laws of Louisiana.

> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

*Thompson v. United States Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 101 (D. Md. 2003)).

The spoliation of *electronically stored information*, however, is specifically governed by Rule 37(e) of the Federal Rules of Civil Procedure.

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced though additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e) (as amended effective December 1, 2015).

The court has broad discretion when selecting a sanction for spoliation; however, "the applicable sanction should be molded to serve the prophylactic,

4

punitive, and remedial rationales underlying the spoliation doctrine." *Silvestri*, 271 F.3d at 590 (quoting *West*, 167 F.3d at 779). "Because the [court's] inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest of restraint and caution, and then only to the extent necessary." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).

## III. Discussion

The court begins its discussion by pointing out that the spoliation of Mr. Martin's custodial file occurred *before* Judge Eifert entered PTO No. 100, and Ethicon does not deny that spoliation occurred with regard to Mr. Martin's custodial file. In other words, the plaintiff is not alleging that Ethicon continued to spoliate evidence after the issuance of PTO No. 100, but she is now seeking additional, case-specific sanctions based on an inquiry left open by Judge Eifert's Order. *See* Reply 14 [ECF No. 164] ("Furthermore, Judge Eifert held that Plaintiffs are permitted to seek an adverse instruction in specific cases."). Judge Eifert recommended that "Plaintiffs be permitted on a case-by-case basis to introduce evidence of spoliation at trial, when appropriate, and seek an adverse instruction in specific cases." PTO No. 100 at 2. Judge Eifert's accompanying footnote stated the following:

> For example, in a case in which a Plaintiff establishes a *prima facie* claim of failure to warn, Plaintiffs may be permitted to introduce evidence that Ethicon destroyed the call notes of the sales representative who provided information to Plaintiff's implanting physician.

*Id.* at 2 n.1.

5

The plaintiff, however, is not simply requesting an adverse jury instruction at trial as a sanction for Ethicon's failure to preserve Mr. Martin's custodial file, she is seeking the type of "extreme sanctions" that Judge Eifert easily found to be unjustified in PTO No. 100. *Id.* at 40–41. The plaintiff even asks the court to strike Ethicon's statute of limitations and learned intermediary defenses, which, as Judge Eifert pointed out, "are two of the most severe sanctions available to the court." *Id.* at 39. The plaintiff is clearly attempting to gain a second bite at the apple with her Motion. After a review of all of the plaintiff's supporting documents, the court **FINDS** that the plaintiff has failed to demonstrate how her circumstances are different or more condemnable than those already addressed by Judge Eifert. Accordingly, the court **INCORPORATES** and **ADOPTS** Judge Eiferts factual findings and legal conclusions pronounced in PTO No. 100. The plaintiff's Motion regarding her request for certain sanctions for the spoliation of *non-electronically stored information* is **DENIED**. Rule 37(e) of the Federal Rules of Civil Procedure, however, was substantially amended after Judge Eifert's ruling—taking effect December 1, 2015—so the court will examine the plaintiff's Motion with regard to the spoliation of electronically stored information under the amended rule.[2]

---

[2] Pursuant to the Supreme Court's Order amending Rule 37, the amended rule applies retroactively. *See* Supreme Court Order, April 29, 2015, https:// www.supremecourt.gov/orders/courtorders/ frcv15(update)_1823.pdf ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, *all proceedings then pending*." (emphasis added)).

In order to warrant sanctions under Rule 37(e), which concerns only electronically stored information, certain threshold elements must be established: (1) the information should have been preserved, (2) the information was lost, (3) the loss occurred because a party failed to take reasonable steps to preserve it, and (4) the information cannot be restored or recovered through additional discovery. The court accepts that the first three elements are satisfied here. As for the fourth element, Ethicon argues that certain emails and electronic documents—such as Mr. Martin's training materials, marketing literature, and emails to supervisors—have been produced from sources other than Mr. Martin's custodial file, thus making them recoverable through other discovery. For the purpose of dispensing with the plaintiff's Motion, however, the court will presume that the fourth element is satisfied here because the plaintiff has sufficiently demonstrated that *all* of the records have not been restored or recovered by other means.

Assuming the elements are satisfied, Rule 37(e) next establishes two different avenues parties can take to demonstrate that sanctions are warranted—each having its own final elements that must be established. The first avenue, Rule 37(e)(1), requires a court to make a finding of prejudice before sanctions may be warranted. The second avenue, Rule 37(e)(2), requires a court to make a finding that a party acted with the *intent* to deprive the opposing party of the relevant information before certain severe sanctions are warranted.

The court begins by discussing Rule 37(e)(2), which is often more difficult to demonstrate. Rule 37(e)(2) makes clear that the plaintiff is not entitled to an adverse jury instruction or entitled to any presumptions regarding the spoliation of electronically stored information unless the court makes a finding that "the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Judge Eifert has already determined that "Ethicon's loss of evidence was negligent, not willful or deliberate." PTO No. 100 at 1. The plaintiff's supporting Memorandum provides no evidence that Ethicon's conduct regarding its poor handling of the electronically stored information in Mr. Martin's custodial file was intentional. Instead, the plaintiff flagrantly misrepresents Judge Eifert's conclusions with the following assertion: "[Mr. Martin's] deposition is a stunning example of Ethicon's intentional destruction of pertinent, relevant documents which the Court has already noted in its Order." Mem. Supp. Mot. 2 (citing PTO No. 100). The plaintiff does not cite to any part of Mr. Martin's deposition that demonstrates Ethicon's intent to deprive her of the information's use in the litigation, and the plaintiff does not offer any other evidence that demonstrates that Ethicon or its employees specifically set out to deny her access to the information. The court **FINDS** that the plaintiff has simply not offered any evidence of intent that demonstrates an adverse jury instruction is warranted.

Turning now to Rule 37(e)(1), the court may "order measures no greater than necessary to cure" any prejudice that it finds a party has suffered due to the loss of

8

information. Fed. R. Civ. P. 37(e)(1). The court accepts the plaintiff's contention that she was burdened by the loss of the information in Mr. Martin's custodial file, as she had to piece together information from other sources to try to recover relevant documents. Even so, "[m]ost of the information that was lost were [sic] e-mail communications and other incidental records. Certainly, this type of evidence can be quite useful in enhancing a case, but is generally not necessary to prove most product liability claims." PTO No. 100 at 42. Ethicon has provided the plaintiff with over 1,000 emails to or from Mr. Martin, and Mr. Martin testified that he never created call logs to document his interactions with treating physicians. Finally, all of the training materials used to educate Mr. Martin and the marketing literature Mr. Martin used were all created by Ethicon and disclosed to the plaintiff. The plaintiff has not provided the court with any concrete evidence of prejudice to her case as a whole. In PTO No. 100, Judge Eifert granted the plaintiffs' motion with regard to monetary sanctions against Ethicon, and the court **FINDS** that the plaintiff in this case has failed to demonstrate that further sanctions against Ethicon are warranted under Rule 37(e)(1) or otherwise.

## IV. Conclusion

For the reasons provided above, the plaintiff's Motion for Sanctions for the Spoliation of William Martin's Custodial File [ECF No. 128] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 6, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE